**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIANNE SADELMYER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 12-cv-1785 |
| | ) | |
| v. | ) | |
| WARDEN J. PELTZER AND DEPUTY | ) | United States Magistrate Judge |
| WARDEN TEAMUS, FACILITY | ) | Cynthia Reed Eddy |
| DOCTOR ISLEY, M.D., LEVERNE | ) | |
| ROSSI FACILITY NURSE AND | ) | |
| SERGEANT CHIPPS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the "Motion to Dismiss for Failure to State a Claim," with brief in support, filed by Defendant Matthew Eisley, M.D., (incorrectly spelled in case caption) (ECF Nos. 34 and 35), the Opposition filed by Plaintiff (ECF No. 40), and the Reply Brief filed by Defendant Eisley (ECF No. 41).  For the reasons that follow, the Motion will be granted.[1]

### FACTUAL BACKGROUND

Plaintiff, Marianne Sadelmyer, is a prisoner currently incarcerated at Albion Correctional Facility, in Albion, New York.   This matter involves events that purportedly transpired during Plaintiff's confinement at Washington County  Correctional Facility in September 2012, where she was "held for extradition to New York."  Complaint at ¶ 1.[2]  Plaintiff brings her lawsuit

---

[1]      The parties have consented to jurisdiction by the undersigned Magistrate Judge.  *See* ECF Nos. 1-4; 13; and 28.

[2]      It appears that Plaintiff was a pre-trial detainee during her time at Washington County Correctional Facility, although her Complaint is vague in this regard.

under 42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments and alleges she was denied "adequate medical care; right to continuation of care, post-incarceration, right to be free from life threatening abuse." Complaint, at ¶ III.

As to Dr. Eisley, the Complaint contains a single allegation, which appears to relate to the Eighth Amendment right to adequate medical care:

> Facility Physician, Doctor Isley [sic] allowed myself and members of the class[3] to be forced into painful withdrawals with full medical knowledge there was a medical protocol to eleviate [sic] the suffering of myself and members of the class.

*Id*. at ¶ C(3).

In her response to the motion to dismiss, Plaintiff argues that Dr. Eisley demonstrated deliberate indifference to her serious medical needs, as follows:

1.    He "was aware Plaintiff had bi-lateral hip replacements and was on pain medications that causes withdrawals;"

2.    He "was aware that Plaintiff hung herself due to panic caused by withdrawals, yet Dr. Eisley did not see Plaintiff after corrections staff cut Plaintiff down from the sheets around Plaintiff's neck;" and

---

[3]    By Text Order of February 26, 2013, Plaintiff was advised that her lawsuit was not a class action as a prisoner plaintiff may not represent a class action. *See Awala v. New Jersey Dept. of Corrections*, 227 F. App'x 133, 134 (3d Cir. 2007).

3.       He "was fully aware that Plaintiff's medication(s) Xanax, fentanyl, and

hydrocodone (a habit-forming codeine) that causes withdrawals, Plaintiff was denied prescribed

medications which resulted in this Plaintiff suffering needlessly!"   Resp. at ¶¶ 2, 3, and 6.[4]

STANDARD OF REVIEW

1.       _Pro Se Litigants_

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers." _Haines v. Kerner,_ 404 U.S. 519, 520–521 (1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. _Boag_

_v. MacDougall_, 454 U.S. 364 (1982); _United States ex rel. Montgomery v. Bierley,_ 141 F.2d 552,

555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read

"with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings

and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by

name." _Higgins v. Beyer_, 293 F.3d 683, 688 (3d Cir. 2002) (quoting _Holley v. Dep't of Veteran_

_Affairs_, 165 F.3d 244, 247–48 (3d Cir. 1999)).[5]   _See also Nami v. Fauver,_ 82 F.3d 63, 65 (3d

---

[4]       As Plaintiff is a prisoner appearing pro se, the Court will treat the factual allegations
contained in her response as though they were included in her complaint.  _See Baker v. Younkin_,
No. 13-1580, -- F. App'x --, 2013 WL 3481724, at *2 n. 2 (3d Cir. July 3, 2013) (citing _Lewis v._
_Att'y Gen. of U.S._, 878 F.2d 714, 722 (3d Cir. 1989)).

[5]       The Court of Appeals for the Third Circuit has explained the liberal construction of pro se
pleadings, as follows:

Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2. _Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard_

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.

---

The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader. Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires. This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law. In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A.

*Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S.

Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)).

However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v.*

*Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the

speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (holding that, while the Complaint need not contain detailed factual allegations, it must

contain more than a "formulaic recitation of the elements" of a constitutional claim and must

state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on

the standard set forth therein).

　　　To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United

States Court of Appeals for the Third Circuit instructs that a district court must make a three-step

approach when presented with a motion to dismiss for failure to state a claim. *Santiago v.*

*Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the

process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556

U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a

claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court

"should identify allegations that, 'because they are no more than conclusions, are not entitled to

the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

---

Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

B.      <u>*Legal Standards Governing Medical Claims in a Prison Context*</u>

Liberally construed, the gravamen of Plaintiff's claim against Defendant Eisley is that he displayed "deliberate indifference" to her serious medical needs when he denied her prescribed medications which resulted in her attempted suicide and when he failed to see her after her attempted suicide was discovered by corrections staff.

6

Plaintiff faces an exacting burden in advancing her Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, the Plaintiff must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

*Beers–Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Eighth Amendment benchmark, courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. *See Jones v. Beard,* 145 F. App'x 743 (3d Cir. 2005) (finding no Eighth Amendment violation where inmate-plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an attack.)  In short, when "analyzing deliberate indifference, a court must determine whether the prison official 'acted or failed to act despite his knowledge of a substantial risk of serious harm.' *Farmer v. Brennan,* 511 U.S. 825, 841 (1994). A prisoner plaintiff must prove that the prison official 'knows of and disregards an excessive risk to inmate health or safety.' *Id.* at 837." *Garvey v. Martinez,* 08–2217, 2010 WL 569852, at *6 (M.D. Pa. Feb.11, 2010).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care.  In the medical context, a constitutional violation under the Eighth

Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105, (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, *Leaphar*t is required to allege facts that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104.  Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir.1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation. *Estelle,* 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer,* 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. *Clark v. Doe,* 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D. Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment

8

claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. *See e.g. Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990) ( '[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')." *Gindraw v. Dendler,* 967 F. Supp. 833, 836 (E.D. Pa. 1997).

Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; *see, e.g., Ham v. Greer,* 269 F. App'x 149 (3d Cir. 2008); *James v. Dep't of Corrections*, 230 F. App'x 195 (3d. Cir. 2007); *Gillespie v. Hogan,* 182 F. App'x 103 (3d Cir. 2006); *Bronson v. White,* No. 05–2150, 2007 WL 3033865 (M.D. Pa. Oct.15, 2007); *Gindraw v. Dendler*, 967 F. Supp. 833 (E.D.Pa.1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his ... care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " " "Nor does mere disagreement as to the proper medical

9

treatment support a claim of an eighth amendment violation." .... [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care .... Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

*James,* 230 F. App'x at 197–198. (citations omitted).

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Taylor v. Norris*, 36 Fed. Appx. 228, 229 (8th Cir .2002); *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1024– 35 (7th Cir.1996); *Sherrer v. Stephen,* 50 F.3d 496, 497 (8th Cir.1994). Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983; *see e.g., Gause v. Diguglielmo,* 339 F. App'x 132 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation); *Innis v. Wilson,* 334 F. App'x 454 (3d Cir. 2009) (same), since "the exercise by a doctor of his professional judgment is never deliberate indifference." *Gindraw v. Dendler,* 967 F. Supp. 833, 836 (E.D. Pa. 1997) (citations omitted).

DISCUSSION

1.    *The Eighth Amendment Claim*

Defendant argues that Plaintiff has failed to state a claim of deliberate indifference under the Eighth Amendment.[6]  Defendant Eisley argues that even assuming that Plaintiff had a serious

---

[6]    For purposes of ruling on the instant motion, the legal analysis is the same whether Plaintiff was a pretrial detainee or an incarcerated person.  The United States Court of Appeals

medical condition, which is specifically denied, Plaintiff has failed to allege facts that Defendant

Eisley subjectively acted in a matter which would rise to the level of deliberate indifference.

However, deliberate indifference can be manifested by an intentional refusal to provide

care, delayed medical treatment, and the denial of prescribed medical treatment.  *See Durmer*,

991 F.2d at 64; *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may

be shown by intentionally denying or delaying medical care."). The Court recognizes that

discovery may well reveal that Plaintiff did not have a serious medical condition and/or that the

alleged conduct of Defendant Eisley does not give rise to an Eighth Amendment deliberate

indifference claim, but at this stage of the litigation, the allegations of the Complaint must be

accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

2.      *The Fourteenth Amendment Claim*

The Court agrees with Defendant Eisley that Plaintiff's Fourteenth Amendment claim

against him is foreclosed by Supreme Court precedent. "Where a particular amendment 'provides

an explicit textual source of constitutional protection' against a particular sort of government

behavior, 'that Amendment, not the more generalized notion of "substantive due process," must

be the guide for analyzing [a plaintiff's] claims.' " *Albright v. Oliver,* 510 U.S. 266, 273 (1994)

(quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

---

for the Third Circuit has indicated that a pretrial detainee's right to adequate medical care should
be analyzed under the well-settled standard established in *Estelle v. Gamble*, 429 U.S. 97 (1976),
which provides that prison officials are required "to provide basic medical treatment to those
whom it has incarcerated."  *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle*,
429 U.S. 97 (1976)).

11

Here, it appears that Plaintiff has attempted to raise a claim under the Eighth and Fourteenth Amendments against Defendant Eisley based on the same conduct - i.e., Defendant was deliberately indifferent to Plaintiff's serious medical needs when he denied her prescribed medications and when he failed to see her after her attempted suicide. Because the Eighth Amendment provides an explicit source of protection for deliberate indifference to serious medical needs, Plaintiff's claim is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment. Accordingly, Plaintiff's Fourteenth Amendment claim fails as a matter of law.[7]

3. *The Punitive Damages Claim*

Defendant moves for dismissal of Plaintiff's request for punitive damages. Punitive damages may only be awarded in the context of § 1983 where the alleged conduct in question is proven to be motivated by evil motive or intent, or where it involves recklessness or callousness to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 36 (1983); *Eichenlaub v. Township of Indiana,* 214 Fed. App'x 218, 223 (3d Cir. 2007).

---

[7]     If Plaintiff was a pretrial detainee while in custody at Washington County Correctional Facility, her conditions of confinement claims must be considered under the due process clause of the Fourteenth Amendment, as opposed to the Eighth Amendment, which is the applicable standard for incarcerated persons.  *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005).  As noted in *Hubbard*, the appropriate inquiry to use in a condition of confinement claim by a pretrial detainee is "whether those conditions amount to punishment prior to an adjudication of guilty in accordance with law."  *Id*.  Plaintiff's claim against Defendant Eisley, however, is limited to an inadequate medical care claim, which as discussed *supra*, is analyzed under the Eighth Amendment.

At this early stage of the litigation, Plaintiff has sufficiently pled that the actions of this Defendant were reckless or callous in regard to Plaintiff's constitutional rights. The motion to dismiss will be denied in this regard.

4.     *The State Medical Professional Negligence Claim*

Defendant Eisley also argues that Plaintiff's complaint, fairly construed,  articulates a supplemental state law claim of professional medical negligence and, because Plaintiff has failed to comply with Pennsylvania Rule of Civil Procedure 1042.3, her state law claim should be dismissed.  Plaintiff failed to address this argument in her Response.

Pennsylvania law requires that a Certificate of Merit ("COM") accompany a claim for professional liability brought against designated licensed professionals, including health care providers.  *See* Pa R. Civ. P. 1042.3 and 1042.1(b).  The United States Court of Appeals for the Third Circuit has held that Rule 1042.3  is substantive law under the Erie doctrine and must be applied as such by federal courts.  *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011).

This requirement of state law applies with equal force to counseled complaints, and to pro se medical malpractice actions brought under state law.  *See Leaphart v. Prison Health Services,* No. 3:10-cv-1019, 2010 WL 5391315 (M.D. Pa. Nov. 22, 2010).  Accordingly, Plaintiff must comply with the COM requirements in order to proceed with her medical professional negligence claim against Defendant Eisley.

However, while Plaintiff's failure to comply with Rule 1042.3 requires dismissal of this malpractice claim, the sanction imposed under state law for violation of this rule, entry of a non

pros by the prothonotary, has no precise analogue in the federal courts.  Courts have stated that

the federal equivalent of such a procedure is a motion to dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6).  To affect a similar result, federal courts choose to dismiss the

professional liability claims without prejudice if the plaintiff can demonstrate good cause for the

delay in filing.  *See Rogan v. County of Lawrence,* No. 12-1375, 2013 WL 4511316, at *5 (W.D.

Pa. Aug. 23, 2013) (citing *Perez v. Griffin,* 304 F. App'x 72, 74 (3d Cir. 2008)).

Accordingly, to the extent that Plaintiff's claim against Defendant Eisley could be

interpreted as a state law medical professional negligence claim, the motion to dismiss will be

granted for failure to comply with Rule 1042.3.

5.    *Motion for a More Definite Statement*

Defendant asks, in the alternative, that the Court order Plaintiff to file a more definite

statement of her claim pursuant to Federal Rule of Civil Procedure 12(e).  Rule 12(e) provides

that a "party may move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

a response." Fed.R.Civ.P. 12(e).

"Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of

the claim, motions for a more definite statement are 'highly disfavored.'" *Country Classics at*

*Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F.Supp.2d 367,

371 (E.D. Pa. 2011) (quoting *Hughes v. Smith,* Civ. A. No. 03–5035, 2005 WL 435226, at *4

(E.D. Pa. Feb. 24, 2005)). "Therefore, 12(e) motions will be granted only 'if a pleading is so

vague or ambiguous that the opposing party cannot reasonably be required to make a responsive

14

pleading.' " *Id.* (citing *S.E.C. v. Saltzman*, 127 F.Supp.2d 660, 667 (E.D. Pa. 2000)).  A motion

for more definite statement is " 'used to provide a remedy for an unintelligible pleading rather

than as a correction for a lack of detail.' " *Premier Payments Online, Inc. v. Payment Sys.*

*Worldwide,* 848 F.Supp.2d 513, 522 (E.D. Pa. 2012) (quoting *Frazier v. SEPTA*, 868 F. Supp.

757, 763 (E.D.Pa.1994) and citing *Country Classics,* 780 F. Supp.2d at 371).  Rule 12(e) is thus

" 'directed to the rare case where because of the vagueness or ambiguity of the pleading the

answering party will not be able to frame a responsive pleading.' " *Id.* (quoting *Schaedler v.*

*Reading Eagle Publ'n, Inc*., 370 F.2d 795, 798 (3d Cir. 1967)).

The Court concludes that the Complaint is not so vague or ambiguous that Defendant

cannot frame responsive pleadings.  *See Pozarlik v. Camelback Assocs., Inc*., Civ. A. No. 11–

1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012) ("Granting a Rule 12(e) motion is

appropriate only when the pleading is 'so vague or ambiguous that the opposing party cannot

respond, even with a simple denial, in good faith, without prejudice to itself.' " (quoting *Sun Co.*

*v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996))).  Defendant's request

for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) will, therefore,

denied.

       E.    *Futility*

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must

permit a curative amendment unless such an amendment would be inequitable or futile.  *Alston v.*

*Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  A district court must provide the plaintiff with this

opportunity even if the plaintiff does not seek leave to amend.  *Id.*

15

Given that the Court has already provided Plaintiff with an opportunity to amend, (see ECF No. 36), the Court is not required to provide her with further leave to amend as further amendment would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

For the reasons discussed *supra*, the Court will not grant Plaintiff leave to amend as it would be futile.

CONCLUSION

For all the foregoing reasons,  the Motion to Dismiss filed by the Defendant Matthew Eisley, M.D. will be granted in part and denied in part.  An appropriate Order follows.

**ORDER**

**AND NOW**, this 4th day of September, 2013, upon consideration of the "Motion to Dismiss For Failure to State a Claim" filed by Defendant Matthew Eisley, M.D. (ECF No. 34), IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      The Motion is **DENIED** as to Plaintiff's claim of deliberate indifference against Defendant  Eisley under the Eighth Amendment;

2.      The Motion is **GRANTED** as to Plaintiff's Fourteenth Amendment Claim against Defendant Eisley;

3.      The Motion is **DENIED** as to Plaintiff's punitive damage claim;

4.      The Motion is **GRANTED** as to Plaintiff's state medical professional negligence claim; and

16

5.      The Motion is **DENIED** as to Defendant's request for a more definite statement.


It is **FURTHER ORDERED** that Defendant Eisley shall file an Answer in accordance

with Federal Rule of Civil Procedure 12(a)(4)(A).


                                        *s/ Cynthia Reed Eddy*
                                        Cynthia Reed Eddy
                                        United States Magistrate Judge


cc:      MARIANNE SADELMYER
         13G298
         Albion Correctional Facility
         3595 State School Road
         Albion, NY 14411-9399

         Paul D. Krepps
         Marshall, Dennehey, Warner, Coleman & Goggin
         Email: pdkrepps@mdwcg.com

         Jason J. Zivkovic
         Dickie, McCamey & Chilcote, PC
         Email: jzivkovic@dmclaw.com

         Katie M. Mills
         Dickie, McCamey & Chilcote, PC
         Email: kmills@dmclaw.com